IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAIMAN EASTERN MIDSTREAM, LLC

    Plaintiff,

v.                                      Civil Action No. 5:11CV135
                                                  (STAMP)

DALE E. HALL and ELAINE I. HALL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT AND
DENYING WITHOUT PREJUDICE
MOTION FOR JUDGMENT ON THE PLEADINGS**

I.  Background

The plaintiff, Caiman Eastern Midstream, LLC, filed a complaint in this Court seeking to enforce a pipeline right-of-way agreement allegedly entered into by the parties to this action on June 30, 2011. The defendants subsequently filed a motion for judgment on the pleadings based upon their contention that the right-of-way agreement is invalid and unenforceable because it violates the statute of frauds. Following the filing of the defendants' motion for judgment on the pleadings, the plaintiff filed a motion for leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15(a), wherein the plaintiff seeks to amend its complaint to attach a map which was allegedly attached to the right-of-way agreement between the parties, but inadvertently not attached to the plaintiff's original complaint. The defendants have opposed the plaintiff's motion for leave to amend, and the plaintiff replied to the defendants' opposition.

The motion for leave to file an amended complaint is now fully briefed and ripe for disposition by this Court. For the reasons that follow, this Court will grant the plaintiff's request for leave to file an amended complaint, and because the defendants' motion for judgment on the pleadings is based upon the plaintiff's original complaint, will deny the defendants' motion without prejudice subject to refiling based upon the plaintiff's amended complaint.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819

F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

III. Discussion

The plaintiff requests to amend its complaint to attach as Exhibit A to its amended complaint, a map allegedly attached to the right-of-way agreement and inadvertently omitted from the plaintiff's original complaint in this action. The defendants argue in opposition to this motion that the right-of-way does not reference the map sought to be attached as specifying the right-of-way. They further maintain that this Court should deny the motion for leave to amend because the map is insufficient to cure the alleged deficiencies in the plaintiff's complaint because it was only a "proposed" map of the right-of-way and because it does not supersede the language of the agreement, which they argue fails to adequately describe the location of the right-of-way purported to be conveyed by the agreement in order to satisfy the requirements of the statute of frauds.

However, the defendants' arguments against the plaintiff's motion for leave to amend do not address the grounds for denying such a motion as articulated by the Supreme Court in Foman. Rather, the defendants only address the factual merits of the plaintiff's claim, and of the defendants' motion for judgment on the pleadings, and argue that the amendment sought will not cure the perceived failures of the merits of the plaintiff's complaint. While it could be argued that the defendants' arguments amount to

contentions that the requested amendment is futile, the defendants have failed to make a sufficient showing in this regard.

Barring a showing that the plaintiff's proposed amendment is obviously frivolous or legally insufficient on its face, considerations of the substantive merits of the plaintiff's claim is not appropriate when considering a motion for leave to amend. Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-511 (4th Cir. 1983); Kerns v. Range Res.-Appalachia, LLC, No. 1:10CV23, 2011 U.S. Dis. LEXIS 93920 *8 (N.D. W. Va, Aug. 23, 2011); and see Madison Fund, Inc. v. Denison Mines Ltd., 90 F.R.D. 89 (S.D. N.Y. 1981) (Defendant's argument regarding the sufficiency of amendment sought does not support denial of motion for leave to amend. Unless defendant can show that added claims are frivolous, motion for leave to amend is not appropriate time to argue merits of amendment.). Accordingly, the arguments advanced by the defendants in their opposition to the plaintiff's motion for leave to amend are more appropriately raised in a dispositive motion, or at trial.

Further, there is no evidence that any of the other grounds for denying a motion to amend apply to bar amendment in this case. This action remains in the early stages of litigation, so undue delay is not a concern. Nor is there any indication of bad faith or dilatory motive on the part of the plaintiff, and as this is the plaintiff's first request to amend its complaint, there has not been repeated failure to cure deficiencies. Finally, and most importantly, this Court finds that there is no evidence to support

4

a finding that amendment would unduly prejudice the defendants. Attaching a map which was allegedly attached to the original right-of-way agreement which forms the basis for this case does not change the landscape of this case in any measurable way. Neither do the defendants contend at this point that they have never seen the map before or that they did not sign it as part of the right-of-way agreement with the plaintiff. Further, at this early stage in the litigation, the parties have not proceeded to a point where there has been detrimental reliance upon the complaint as it was originally filed. Therefore, the plaintiff should be, and is, granted leave to amend its complaint as requested.

Finally, also pending before this Court is the defendants' motion for judgment on the pleadings. Because this motion relies upon the plaintiff's original complaint, which is now superseded by the amended complaint, this Court finds that the motion for judgment on the pleadings is moot. Accordingly, this Court must deny this motion without prejudice subject to refiling based upon the allegations of the amended complaint.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion for leave to file an amended complaint (ECF No. 27) is GRANTED. The Clerk is DIRECTED to file the plaintiff's amended complaint, which is attached as Exhibit A to the plaintiff's motion for leave to file an amended complaint (ECF No. 27). Further, the defendants' motion for judgment on the pleadings (ECF No. 23) is DENIED WITHOUT

PREJUDICE subject to refiling based upon the allegations and contents of the amended complaint.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 5, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
