IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAIMAN EASTERN MIDSTREAM,

    Plaintiff,

v.                                                         Civil Action No. 5:11CV135
                                                                         (STAMP)

DALE E. HALL and ELAINE L. HALL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO AMEND AND
DENYING DEFENDANTS' MOTION FOR CONTINUANCE**

I.   Background

The plaintiff, Caiman Eastern Midstream, LLC, ("Caiman") filed a complaint in this Court seeking to enforce a pipeline right-of-way agreement allegedly entered into by the parties to this action on June 30, 2011. The defendants ("the Halls") filed an answer, which included four counterclaims: Counterclaim No. I: Fraudulent Inducement; Counterclaim No. II: Negligent Misrepresentation; Counterclaim No. III: Mutual Mistake; and Counterclaim No. IV: Trespass. The Halls also moved for judgment on the pleadings based upon their contention that the right-of-way agreement is invalid and unenforceable because it violates the statute of frauds.

Following the filing of the Halls' motion for judgment on the pleadings, Caiman filed a motion for leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15(a), wherein Caiman sought to amend its complaint to attach a map which was allegedly attached to the right-of-way agreement between the

parties, but inadvertently not attached to Caiman's original complaint.  On June 5, 2012, this Court granted the motion to amend, and denied the Halls' motion for judgment on the pleadings without prejudice subject to refiling with regard to Caiman's amended complaint.  The Halls did not file an amended motion for judgment on the pleadings.

Discovery closed in this matter on August 6, 2012, and the dispositive motions deadline passed without the filing of any dispositive motions on August 20, 2012.  Following the recent consolidation of the trial in this case with the trial in Caiman Eastern Midstream v. Whipkey, Civil Action No. 5:11CV136, trial is set to begin in this case on November 7, 2012.  However, on September 14, 2012, the Halls filed a motion for leave to file an amended counterclaim, in which the Halls request leave to add further assertions of allegedly misleading or fraudulent statements made to the Halls by Caiman's Land Agent, Andrea McCoy, as well as further allegations of trespass.  On September 21, 2012, the Halls also filed a related motion for a continuance, seeking further discovery on the allegations that the Halls seek to add in their motion to amend.  These motions are now both fully briefed, and are ripe for disposition.  For the reasons that follow, this Court denies both motions.

II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

III. Discussion

The February 9, 2012 scheduling order in this case delineated that any amendments to pleadings were to be made on or before **June 28, 2012**. The Halls' motion to amend was filed nearly three months after this deadline, on September 14, 2012. When a motion to amend a pleading is filed after a scheduling order's deadline for such

motions, "a moving party first must satisfy the good cause standard of Rule 16(b).  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); see Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification."  Marcum, 163 F.R.D. at 254 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

In support of this required good cause showing, the Halls assert that the allegations which they seek to add were not discovered by their counsel until June 28, 2012, at the deposition of Dale Hall.  The Halls claim that, at this deposition, Mr. Hall disclosed that he had discovered additional trespasses not previously included in the counterclaim.  Further, the Halls assert that their counsel did not learn of the additional alleged untrue statements made by Caiman's Land Agent until that deposition.

Caiman argues that the Halls have not shown good cause.  In support of this assertion, it maintains that, even by their own admission, counsel for the Halls learned of these claims at Mr. Hall's deposition on June 28, 2012, and the Halls proceeded to file

4

their answer and counterclaims to Caiman's amended complaint on June 29, 2012; after counsel allegedly became aware of the claims at Mr. Hall's deposition. Further, Caiman notes that the information regarding these new claims was derived from Mr. Hall himself, who knew of the information long before the amendment deadline. This Court agrees.

Initially, the Halls do not explain why, if they discovered the information regarding the allegations now sought to be added at Mr. Hall's deposition <u>before</u> they filed their answer and counterclaims to Caiman's amended complaint, they did not include these new allegations therein. Nor can this Court surmise such a reason. When the Halls filed this answer to the amended complaint, they were clearly, by their own admission, fully aware of the information necessary to make the additional allegations which they now seek to add. However, instead of including this information with that answer, they filed an answer omitting this new information, and instead waited over two months--just weeks before the trial in this matter--to seek to amend. This failure to expeditiously and diligently amend is unexplainable and exhibits a lack of good cause for amendment at this late date.

Further, this Court is not convinced that counsel for the Halls could not have been on notice of the information needed to make these allegations prior to Mr. Hall's deposition and prior to the closure of the period for amendment afforded by the scheduling

5

order.  The Halls admit that all of the information made available to counsel at Mr. Hall's deposition, which is now relied upon in the additional allegations, was offered by Mr. Hall himself.  Mr. Hall admitted in his deposition that he learned the information regarding the additional trespass allegations in the Spring of 2012.  This information was thus available to counsel for the Halls prior to the amendment deadline of June 4, 2012.[1]

Further, any information of which Mr. Hall was aware regarding further allegations of untrue statements made by Caiman's Land Agent would have been known by him even before this lawsuit was filed, as all of these allegations are offered to support a claim of fraudulent inducement of the Halls' original signing of the pipeline right-of-way agreement--a claim which was included, and thus known to counsel for the Halls at the time that the original counterclaims were filed.  Accordingly, this information should have been discovered prior to the filing of the Halls' original counterclaims.

The Halls do not offer any explanation for the above-described inadequacies in their claims of good cause.  Rather, they only offer a conclusory statement that, because Mr. Hall's deposition

---

[1]Additionally, the Halls admit in their briefing of this motion, that their counsel became aware "of the deviations from the right-of-way" which are the basis for the additional trespass allegations sought to be added, on June 5, 2012.  This Court is unable to discern why they now contend that the information relating to the further trespass allegations was not made available until Mr. Hall's deposition.

did not take place until after the amendment period afforded by the scheduling order, good cause has been shown. As stated above, this assertion is insufficient, given the specific facts and history of this case, to serve as a showing of good cause. Accordingly, this Court finds that the Halls have failed to show good cause for the delay in requesting to amend their counterclaims.

Finally, in addition to the Halls' failure to demonstrate cause for the delay in filing this motion to amend, this Court finds that the bringing of additional allegations merely weeks prior to trial in this matter would prejudice the defendant. The Halls offer a conclusory assertion that no prejudice can occur simply as a result of delay in requesting leave to amend. However, discovery is closed in this case, as is the deadline for filing dispositive motions, and trial is only a few weeks away. As the Halls acknowledge in their motion to continue, the addition of these allegations would require additional discovery--likely to be quite lengthy--and the continuance of the trial in this matter. This constitutes undue prejudice to Caiman, which has litigated this case for over a year, and has prepared for trial to begin as it was scheduled in the scheduling order.

Further, the interests of judicial efficiency cannot allow for the addition of allegations the bases for which the Halls were aware for over two months prior to seeking an amendment, to so

7

significantly delay the resolution of these matters.[2] As this case is so near to the scheduled trial date, and discovery has long been closed, this Court, through its discretion in controlling the expeditious resolution of litigation before it, declines to further delay this case due to the plaintiffs' untimely desire to add claims of which it should have been aware long before leave was finally sought.  See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

The Halls also request a continuance of all pretrial matters, which request would also reopen discovery, for a period of 180 days.  In support of this motion, they argue that the additional allegations which they bring in an amended counterclaim must be pursued, as they were not included in the original discovery period.  As a result of this Court's above-findings, this basis for a continuance is mooted.  However, they also argue that they were afforded insufficient opportunity to conduct discovery with regard to Caiman's Land Agent, Andrea McCoy, as a result of a delayed notification that Ms. McCoy is no longer employed by Caiman, and thus Caiman is unable to produce documents in Ms. McCoy's possession for the purposes of this litigation.  The Halls claim that this information was not disclosed to them until August, requiring the cancellation of Ms. McCoy's deposition, and due to

---

[2]The Halls request a continuance of all pretrial matters for 180 days.

the closure of discovery on August 6, 2012, the Halls' complete inability to conduct discovery relating to Ms. McCoy. However, again, these matters occurred over two months prior to the Halls' request for a continuance, and no explanation is given as to why the motion to continue was not filed until nearly two months following the close of discovery.

Much of the arguments raised by the Halls in support of their motion for a continuance amounts to a discovery dispute regarding Caiman's assertion that it could not produce documents in Ms. McCoy's custody. They argue that Caiman was untimely in voicing its objections to interrogatories, and that their inability to obtain certain documents has made it impossible for them to depose Ms. McCoy. However, the Halls never filed a motion to compel, nor did they request an extension of the discovery deadline at the time that the problems relating to the discovery relating to Ms. McCoy surfaced.[3] The Halls cannot now, so close to trial and so long after the close of discovery, seek to reopen these issues about which they voiced no objection in the past. Good cause for a continuance has not been shown, and this motion too is denied.

---

[3]It appears from the timeline offered by the parties, that the Halls served Caiman with interrogatories on June 27, 2012, and on August 3, 2012, Caiman informed the Halls that it could not produce the documents in possession of Ms. McCoy. The motion to continue--this Court's first notification this issue, was not filed until September 21, 2012.

## IV. Conclusion

For the reasons stated above, the Halls' motion for leave to file an amended counterclaim (ECF No. 63) is DENIED. Further, the Halls' motion for a continuance (ECF No. 65) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 12, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE